**DEN NORSKE BANK A/S, Plaintiff–Petitioner–Appellee,**

v.

**VANDA REST. CORP. and Aras Vebeliunas, Respondents–Appellants,**

**Litas International, Inc., and Litas Investing Co., Defendants.**

**Docket No. 00–7164.**

United States Court of Appeals, Second Circuit.

June 14, 2001.

Norman A. Olch, New York, NY, for appellants. John M. Toriello; James V. Marks, of counsel, Haight, Gardner, Holland & Knight, New York, NY, for appellee.

Present CABRANES, STRAUB and SACK, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Vanda Rest. Corp. and Aras Vebeliunas appeal from a judgment of the United States District Court for the Eastern District of New York entered on February 16, 2000 after a bench trial.[2]  The District Court held that appellants' transfers of two mortgages and notes on certain Florida real property were both actually and constructively fraudulent as to Den norske Bank under New York's Debtor and Creditor Law §§ 273–a[3] and 276,[4] and that they were designed to frustrate appellee's efforts to enforce a multi-million dollar judgment against two entities closely related to appellants, Litas International, Inc., and Litas Investing.  The Court entered judgment directing appellants to turn over the relevant mortgages and notes, and to pay appellees the proceeds from the fraudulent conveyances, as well as costs and attorneys' fees.

We have considered all of appellants' contentions on appeal and find them to be without merit.  Therefore, we AFFIRM the judgment of the District Court, substantially for the reasons stated by Chief

2. Various captions appear in the documents relating to the proceedings below, and all of them differ from the caption on appeal. We have revised the caption in a manner we deem appropriate.

3. Section 273–a provides: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

4. Section 276 provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Judge Wolle in his careful and comprehensive ruling dated December 13, 1999.